UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

IN RE:

SHEILA MARIE SPENCER,                                     Case No. 15-11204-13-cjf

                    Debtor.

SHEILA MARIE SPENCER,

                    Plaintiff,

v.                                                        Adv. No. 15-00060-cjf

FEDERAL HOME LOAN MORTGAGE
CORPORATION a/k/a FREDDIE MAC;
PNC BANK, N.A.; FEDERAL HOUSING
FINANCE AGENCY (FHFA); UNITED
STATES TREASURY; JACOB LEW;
MELVIN L. WATT; DONALD H. LAYTON;
PNC FINANCIAL SERVICES GROUP, INC.;
WILLIAM S. DEMCHAK; JOSEPH C. GUYAUX;
DAMIEN JUDKINS; THOMAS RIECHERT;
QUENTIN ELLIS; GRAY & ASSOCIATES, LLP;
UNIDENTIFIED BENEFICIARIES OF A
SECURITIZED TRUST CREATED BY FREDDIE
MAC; JOHN DOES and JANE DOES 1-100;
CORPORATIONS, PARTNERSHIPS AND TRUSTS
ABC-XYZ; and JON ANDERSON,

                    Defendants.

## MEMORANDUM DECISION

Sheila Marie Spencer ("Spencer"), the Debtor and Plaintiff in this

adversary proceeding, filed a Chapter 13 bankruptcy on April 3, 2015. PNC

Bank, N.A. ("PNC"), one of the Defendants, filed a Motion for Relief From Stay

With In Rem Relief on April 16, 2015. Spencer filed a Chapter 13 Plan and an offer of adequate protection on April 17, 2015.

In this adversary proceeding, Spencer contends that PNC participated in a fraud that resulted in the foreclosure of her residence. Spencer further contends that the identity of the person entitled to payment of the Note and Mortgage and of any adequate protection is presently unknown. Finally, she contends the Mortgage is null and void. These assertions have been raised as defenses or factors Spencer argues should be considered by the Court in a determination on the Motion for Relief From Stay. Her arguments appear to require the conclusion that until a determination is reached in the adversary proceeding, it is impossible to determine whether PNC has standing to seek relief from stay. The arguments also appear to indicate that determination is a material consideration in connection with confirmation of any plan. Thus, a review of the complaint is appropriate.

After a review of Spencer's complaint suggested she was challenging the validity of the state court's judgment of foreclosure, the Court ordered that she explain why the *Rooker-Feldman* doctrine would not bar the claims and gave the Plaintiff the opportunity to respond. The Court did so without prejudice to the rights of the Defendants to respond or otherwise file any appropriate motions because, at the time the Court issued the order to respond, there was no evidence that Spencer had yet served the complaint on any of the Defendants nor had the time to answer or otherwise plead expired.

2

Spencer timely filed her response to the order. After the Court's review of Spencer's response, the complaint, and the Plaintiff's other submissions, the Court concludes the complaint must be dismissed because the *Rooker-Feldman* doctrine bars this Court from hearing Plaintiff's claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The Court also notes that Spencer has filed a previous Chapter 7 bankruptcy case, a prior Chapter 13 case, a Notice of Removal of the foreclosure to the District Court, and various appeals. The pleadings in those proceedings are public records, as are the state court pleadings, and pursuant to FED. R. EVID. 201(b), the Court is taking judicial notice of those pleadings.[1]

<u>Plaintiff's Allegations</u>

Spencer alleges in her complaint that PNC is not entitled to enforce the Note and Mortgage. She asserts she attempted to make a payment that was

---

[1] Specifically, the Court would note *In re Spencer,* Ch. 7 Case No. 10-15242 (Bankr. W.D. Wis. Feb. 12, 2013), *aff'd sub nom. Spencer v. PNC Bank, N.A.*, Case No. 13–cv–369–bbc, 2013 WL 5563999 (W.D. Wis. Oct. 8, 2013) (denying motion to reopen Chapter 7 case); *PNC Bank, N.A. v. Spencer*, Case No. 13-cv-21-bbc (W.D. Wis. Mar. 25, 2013), *aff'd,* 763 F.3d 650 (7th Cir. 2014) (remanding foreclosure proceeding); *In re Spencer*, Ch. 13 Case No. 13-15076 (Bankr. W.D. Wis. Feb. 25, 2014), *aff'd sub nom. Spencer v. PNC Bank, N.A.*, Case No. 14-cv-422-wmc, 2015 WL 1520912 (W.D. Wis. April 2, 2015) (granting relief from stay and dismissing prior Chapter 13 case).

refused because National City Mortgage, the original lender, had merged with National City Bank and refused the payment in order to obtain TARP funds. She also alleges the Note and Mortgage were sold to Federal Home Loan Mortgage Corporation ("Freddie Mac") without her knowledge or consent. She further claims there were fraudulent sales of the Note and Mortgage, concealment of the real party in interest, and a failure in the assignment of the Note. Finally, numerous alleged violations of procedure by PNC in connection with the state court foreclosure are asserted as grounds for challenging the state court foreclosure judgment and the subsequent sheriff sale.

Spencer alleges that there is a better offer for her residence than the amount bid at the sheriff sale. Specifically, she says that her son is willing to pay approximately $10,000 more than was offered at the sheriff sale. This offer is evidenced by a one-page document offering $175,000 contingent on his obtaining financing at a rate of less than 5% per annum. Spencer has impleaded various government agencies and officials and demanded that they identify the real party in interest, that they take action to declare the recorded mortgage void, and that the Defendants be enjoined from taking action to sell the real property, to gain possession of the property, or to receive any payments in the Chapter 13 case except as may be declared by a judgment in this adversary proceeding.

<u>Opinion</u>

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear cases that require them to review or set aside a state court judgment. *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011). The doctrine applies to "cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments." *Id.*, quoting *Exxon Mobile Corp.*, 544 U.S. at 284; *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). The doctrine is rooted in our system of federalism, which respects the authority of state courts to decide the cases before them. It applies in adversary proceedings in bankruptcy court as well as in the lower federal courts. *See, e.g., Fischer v. Bank of Am., N.A. (In re Fischer)*, 483 B.R. 877, 883 (Bankr. E.D. Wis. 2012) (applying doctrine and finding no jurisdiction over adversary proceeding to determine priority of liens where a state court already decided which had first position).

State court judgments may be reversed only by higher courts within the state judicial structure or, after all appeals within the state system have been exhausted, by the Supreme Court of the United States. 28 U.S.C. § 1257. Bankruptcy courts, district courts, and courts of appeals play no role in the state court system and lack jurisdiction to reverse a state court judgment. *Rooker*, 263 U.S. at 416.

In her response to the Court's order, Spencer cites 28 U.S.C. § 157(b)(2)(K) as a potential basis for this Court's jurisdiction over her

complaint. Admittedly, Title 28 grants bankruptcy courts jurisdiction over

"determinations of the validity, extent, or priority of liens" by way of the

reference from the district court. 28 U.S.C. §§ 1334 and 157(a), (b)(1), and

(b)(2)(K). However, Spencer's citation misapprehends the import of the *Rooker-*

*Feldman* doctrine. The doctrine represents the limited circumstances in which

28 U.S.C. § 1257 precludes a federal court "from exercising subject-matter

jurisdiction in an action *it would otherwise be empowered to adjudicate under a*

*congressional grant of authority . . . ." Exxon Mobil Corp.*, 544 U.S. at 291

(emphasis added).

Here, Spencer initiated an appeal within the state system but then chose

to file a bankruptcy which had the effect of staying any review of the judgment

in the state courts. Although she asserts she is not a "state court loser"

because the judgment entered in the state court action "is not a final judgment

under Wisconsin law for purposes of the essential determination that a final

order has been entered . . . ," in Wisconsin, a judgment of foreclosure and sale

is in fact a final judgment appealable as a matter of right within the state court

system. *Shuput v. Lauer*, 109 Wis.2d 164, 172, 325 N.W.2d 321, 326 (1982);

*see Mehta v. Attorney Registration & Disciplinary Comm'n of the Supreme Court*

*of Illinois*, 681 F.3d 885, 887 (7th Cir. 2012) (state law determines the finality of

a state judicial decision).

Looking at the caption of the complaint and the named Defendants, it

might appear the adversary proceeding is materially different from the claims

6

in the foreclosure. This seeming difference is illusory. At every turn in the prior

Chapter 13 case, the removal to District Court, and in the various appeals,

Spencer has claimed that PNC is not the real party in interest, that Freddie

Mac is the "true owner" of the Note, and that PNC has no standing to enforce

the Note and Mortgage. Although Spencer describes her claims in terms of

fraud and of violations of the Racketeer Influenced and Corrupt Organizations

Act, the Wisconsin Organized Crime Control Act, and various breaches of

contract or Wisconsin Rules of Civil Procedure (which latter claims Spencer

"reserves" in this adversary), all of the claims center on the assertion that the

acts of PNC and others resulted in the wrongful foreclosure of Spencer's

residence. In other words, the claims are intertwined inextricably with the state

court's judgment in the foreclosure action.

The principle of respect for the autonomy of state courts "applies not only

to claims that were actually raised before the state court, but also to claims

that are inextricably intertwined with state court determinations." *Long v.*

*Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "Intertwined claims"

are those that require the federal court to review or "indirectly set aside" the

state court judgment. *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33

(7th Cir. 2004). Moreover, a plaintiff "may not attempt to circumvent the effect

of *Rooker-Feldman*" by casting her complaint in the form of federal claims.

*Long*, 182 F.3d at 557.

7

Courts within the Seventh Circuit have consistently applied the *Rooker-Feldman* doctrine to cases in which plaintiffs ask the court to set aside a state court foreclosure judgment. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 647 (7th Cir. 2011); *Taylor*, 374 F.3d at 533; *Nora v. Residential Funding Co., LLC*, 543 F.App'x. 601 (7th Cir. 2013). Spencer alleges injuries that include the loss of property and the inability to make payments (if required) to the party entitled to receive adequate protection and the proceeds from the sale of her residence. All of these damages and issues derive from the foreclosure judgment. Thus, Spencer is seeking to "indirectly set aside" that judgment. *See Taylor*, 374 F.3d at 532-33; *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005); *Schmid v. Bank of Am., N.A.*, 498 B.R. 221, 224-25 (W.D. Wis. 2013). The Plaintiff's claims are the injuries she asserts she suffered in the state court foreclosure, which means that the Plaintiff is "effectively trying to appeal a state-court decision in a federal district or circuit court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009).

Spencer asserts that she has not been heard "on the issues of fraud in the State Court Foreclosure Action." Once a court has determined that a claim is inextricably intertwined with a state court determination, it must then determine "the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings" in order to find jurisdiction. *Taylor*, 374 F.3d at 533 (citations omitted). To demonstrate a lack of reasonable opportunity, the litigant must

8

> point [ ] to some factor independent of the actions of the opposing
> party that precluded the litigants from raising their federal claims
> during the state court proceedings. Typically, either some action
> taken by the state court or state court procedures in place have
> formed the barriers that the litigants are incapable of overcoming
> in order to present certain claims to the state court.

*Id.*, quoting *Long*, 182 F.3d at 558. Spencer asserts that "[t]he fraudulent identification of the interest of PNC Bank, N.A., claiming to be successor in interest to National City Bank, successor by merger to National City Bank of Indiana, a division of which was FNMC and the owner and holder of the Note and Mortgage is presently on appeal." This merely points to actions allegedly taken by the opposing party. Spencer also claims the state court refused to consider certain issues because the judge "mistakenly believed that he was bound to follow 'decisions' of this Court and the federal district court . . . ." This is no more than an assertion that the state court misapplied the law, an issue to be raised in front of the Wisconsin Court of Appeals and not in front of this Court.

Because Spencer has only presented claims inextricably intertwined with state court determinations and has not demonstrated that she did not have a reasonable opportunity to raise issues in the state court, the *Rooker-Feldman* doctrine unequivocally applies. The Court concludes that because Spencer failed to state any claims not barred by *Rooker-Feldman*, this adversary proceeding must be dismissed.

9

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order of dismissal consistent with this decision will be entered.

Dated: May 15, 2015

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge